STATE OF HAWAII, Plaintiff-Appellant, *v.* HEINZ NEUMANN, Defendant-Appellee

NO. 11374

(CRIMINAL NO. 85-1084)

FEBRUARY 18, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* The State appeals from the trial court's order dismissing Counts I, II and IV of the Indictment charging Heinz Neumann, defendant-appellee ("Neumann"), with two counts of Forgery in the Second Degree in violation of Hawaii Revised Statutes ("HRS") § 708-852 and one count of Criminal Possession of a Forgery Device in violation of HRS § 708-854(1) (b).

I.

On August 28, 1985, in addition to the above mentioned three counts, Neumann was indicted by the Oahu Grand Jury for the

offense of Defacing Serial Number of a Motor Vehicle in violation of HRS § 286-43 (Count III).[1]

On March 19, 1986, although there was no written or oral motion for dismissal of the Indictment before the trial court, the trial judge, *sua sponte*, requested a hearing to determine, based upon the State's offer of proof, whether the evidence would be sufficient to support the charges in Counts I, II and IV of the Indictment and whether there was adequate notice to Neumann of the nature and cause of the charges in said counts.[2] At the hearing of March 19, 1986, the trial judge stated:

Now, let me give a little background to what we're about to do this morning. Both parties agreed off the record and we'll — I understand agree on the record that the Court make a ruling as to whether, based on an offer of proof that the State will make in a few moments, whether the state of mind which is an element of the offenses set forth in Counts I, II and IV, namely the intent to defraud, will be supported by evidence. If the Court decides based on the State's offer of proof that that state of mind, namely, intent to defraud, will not be supported by evidence, then the Court will dismiss Counts I, II and IV without this case going to trial; that is, without a jury being empaneled [sic].

The Court will do this in order to give an opportunity to the State to have an appellate review rather than waiting until after a jury is empaneled [sic] and then dismissing the counts following the State's opening statement which, of course, would preclude the State from retrying the case even if the Court was wrong in its ruling. The Court also understands that the defendant agrees that he does not want Count III tried separate from Counts I, II and IV. The defendant agrees that pending an appeal by the State of Counts I, II and IV he will waive his rights under Rule

[1] Neumann waived his right to a speedy trial for Count III of the Indictment, pending the appeal of Counts I, II and IV. Transcript of March 19, 1986 p. 3.

[2] On January 2, 1986, a written motion to dismiss the Indictment of Counts I, II and IV was filed by Neumann. Counsel for the State and Neumann agreed that the written motion was heard before Judge Heely, the motions judge. However, the hearing was never completed, and thus Judge Heely never ruled on the motion.

48 as well as his rights under the federal and state constitution to a speedy trial.

Transcript of March 19, 1986, pp. 2 and 3.

The State may appeal from an order granting a motion to dismiss the indictment. HRS § 641-13(1). Hawaii Rules of Penal Procedure ("HRPP") Rule 12(e) states "[a] motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue . . . ." HRPP Rule 47 further provides: "An application to the court for an order *shall be by motion*. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit." (Emphasis added.)

Here, there was no motion to dismiss the Indictment before the trial court. The procedure used by the trial court, regardless of the parties' agreement, is clearly not permissible by any statute or rule.

We hold that in the absence of a written or oral motion for dismissal, the trial court lacked jurisdiction to determine, *sua sponte*, the sufficiency of the State's evidence to support Counts I, II and IV of the Indictment.[3]

The order dismissing Counts I, II and IV of the Indictment is declared null and void.

Remanded for further proceedings.

*Ellen P. Godsey*, Deputy Prosecuting Attorney, for plaintiff-appellant.

*David Bettencourt*, for defendant-appellee.

---

[3] We note but need not address whether the State's offer of proof was one that would have required a trial of the general issue. A motion made under Rule 12 is the proper method to raise the matter of sufficiency of the indictment, however, it is not the proper method to raise a defense or objection that will require a trial of the general issue. 1 Wright, *Federal Practice and Procedure*, Criminal 2d § 191 (1982) .